# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL BOACHIE YIADOM,** | Civil Action No. 17-242 (JLL) |
| Petitioner, | |
| v. | OPINION |
| **ORLANDO RODRIGUEZ,** | |
| Respondent. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Michael Boachie Yiadom, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 11), to which Petitioner replied. (ECF No. 12). The Government thereafter filed a supplemental letter update. (ECF No. 15). For the following reasons, this Court will dismiss the petition without prejudice as premature.

## I. BACKGROUND

Petitioner, Michael Boachie Yiadom, is a citizen of Ghana who arrived at the United States border at San Ysidro, California on February 19, 2016, where he applied for admission to the United States. (ECF No. 1 at 3). Because Petitioner was found to not be entitled to enter the United States, he was taken into immigration custody at that time without being admitted and was placed in removal proceedings. (Id.; ECF No. 15 at 1; Document 2 attached to ECF No. 15 at 1). On November 7, 2016, an immigration judge denied Petitioner's various applications for relief from removal, and ordered Petitioner removed. (Document 2 attached to ECF No. 15 at 2). Petitioner filed an appeal, but the Board of Immigration Appeals (BIA) dismissed his appeal on

1

March 31, 2017. (Document 1 attached to ECF No. 15). Petitioner has not filed a petition for review with the Court of Appeals. (ECF No. 15 at 2).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." Id.; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner contends that his continued immigration detention violates Due Process. In order to address that claim, this Court must first determine the statutory basis for his detention. While it appears that Petitioner was originally held pursuant to 8 U.S.C. § 1225, which governs the detention of aliens who are deemed applicants for admission prior to the entry of a final order of removal, once an alien is subject to a final order of removal his detention is instead governed by 8 U.S.C. § 1231(a). Because Petitioner's appeal was dismissed by the BIA and Petitioner did not seek further review or a stay of removal, he is now subject to an

administratively final order of removal. Petitioner's current detention is therefore controlled by 8 U.S.C. § 1231(a) rather than § 1225. *See* 8 U.S.C. § 1231(a)(1)(B).

Because Petitioner is subject to an administratively final order of removal, the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The Court further held that the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these observations, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of Due Process. *Id.* at 701. Thus, where a removable alien has been detained under § 1231(a) for less than six months following the entry of his final order of removal, his challenge must be dismissed as premature. *Id.*

In this matter, Petitioner received a final order of removal when the BIA dismissed his appeal on March 31, 2017. Since that time, fewer than six months have passed, and Petitioner's post-final order of removal detention has yet to exceed the six month presumptively reasonable period established by *Zadvydas*. As such, Petitioner's current petition is premature and must be dismissed as a result.

## III. CONCLUSION

For the reasons expressed above, this Court will dismiss Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice as premature. An appropriate order follows.

IT IS SO ORDERED.

DATED: July 12, 2017

Hon. Jose L. Linares,
Chief United States District Judge